UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

LaToyia M. Henning,

Bankruptcy Case No. 11-35909

Debtor.

AFFIDAVIT OF LATOYIA M. HENNING IN SUPPORT OF
DEBTOR'S MOTION TO REOPEN

STATE OF WISCONSIN   )
                     ) ss.
COUNTY OF MILWAUKEE)

I, LaToyia M. Henning, being first duly sworn on oath, depose and state:

1. I Submit this Affidavit in support of Debtor's Motion to Reopen.

2. I am the debtor in the above-captioned Chapter 7 Bankruptcy Case.

3. On December 26, 2009, my husband, Dontay Hicks, died unexpectedly, at the age of 32, while playing basketball at the Boys and Girls Club in Milwaukee.

4. A few days after my husband's death, my father moved the following jewelry and fur coats (the "Jewelry") to his residence, located in Milwaukee, Wisconsin, for safekeeping since there were many relatives and friends coming through my house to express their condolences and assist me during this time. My father recommended we store the Jewelry at his home.

   a. Chinchilla coat
   b. Mink coat
   c. Men's wedding ring
   d. Byzantine link necklace
   e. Diamond Jesus link necklace pendant
   f. Rolex Watch
   g. Diamond earrings
   h. Tiffany charm bracelet and pendant necklace
   i. Men's diamond ring
   j. Shambala bracelet

1

5. I recall that I wore my diamond wedding ring for some time after my husband's death, but eventually it no longer fit and I kept it at my residence.

6. In the year after my husband's death, I tried to pay all of our bills and keep our home. I finally decided I needed to seek financial assistance. I met with a bankruptcy attorney, brought a box of bills to his office, and allowed him to handle the entire process.

7. During this time, I never thought of the Jewelry. It was located at my father's house. I was not healthy mentally, emotionally, or physically after enduring my husband's death and trying to keep our home and assets which we worked hard for. The passing of my husband was the most difficult and darkest time of my life. I don't recall my attorney asking, nor did it cross my mind I should have listed the Jewelry in my bankruptcy case.

8. I filed a petition for relief under Chapter 7 of title 11 of the United States Code on October 20, 2011 and was granted a Discharge on February 28, 2012.

9. Around January 2013, my father returned the Jewelry to my house.

10. At this time, my father suggested I get the Jewelry appraised and obtain insurance. I took the Jewelry to my insurance agent's office on two different occasions (September 2013 and March 2014) so the agent could take pictures of the Jewelry for insurance purposes. I did not consider whether I had included the Jewelry in my bankruptcy, and nothing to this effect was ever asked of me during this time.

11. My policy with American Family, which insured the Jewelry, went into effect during March 2014.

12. On or about June 14, 2016, my home was burglarized and the Jewelry, amongst other personal belongings were stolen.

13. On June 14, 2016, I filed a police report with the Milwaukee Police Department.

14. My American Family Insurance policy was in effect at the time of the loss.

15. Shortly thereafter, I submitted a claim to American Family Insurance and was later informed that the Jewelry had not been listed in my 2011 bankruptcy. I sought an attorney to assist me.

16. I certify under penalty of perjury that, based upon my knowledge, information and belief as set forth in this Affidavit, the foregoing is true and correct.

Dated this 8th day of March, 2018.

LaToyia M. Henning

Subscribed and sworn to before me
this 8th day of March, 2018.

Notary Public, State of Wisconsin
My commission expires: 12/21/19

[Notary Seal: VICKI AJDER, NOTARY PUBLIC, STATE OF WISCONSIN]